TORRES, APPELLANT, *v.* THE REGISTRAR OF PROPERTY, RESPONDENT.

APPEAL from a Decision of the Registrar of Property of San-Juan, Section 1, refusing to record a contract for a life annuity.

No. 180.—Decided April 15, 1914.

LIFE ANNUITY—LIEN—PERSONAL OBLIGATION.—In consideration of the conveyance of personal and real property to a person the grantee binds himself to pay an annuity or annual rental to one or more persons for life and it is not necessary that the transfer of ownership should create a lien on the property granted, because the transfer of ownership imposes upon the grantee only a personal obligation to pay the annuity or rental.

ID.—SALE OF HOUSE—ASSIGNMENT OF MORTGAGE—CONSIDERATION.—When, as in the present case, the ownership of a house is conveyed and a mortgage credit is assigned, the purchaser binding himself to pay a life annuity to the vendor and the former guaranteeing the payment of the annuity by a mortgage on the house which he acquires without encumbering the mortgage credit, the recording of the assignment of the mortgage credit cannot be refused on the ground that as it was not charged also with the payment of the said annuity the said assignment lacks consideration, because the consideration for the contract for a life annuity is derived jointly from the conveyance of the ownership of the house and the assignment of the mortgage credit.

The facts are stated in the opinion.

*Mr. Enrique Rincón* for appellant.

Mr. José S. Belaval, the registrar, appeared by brief *pro se.*

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

By public deed No. 7, executed January 30, 1914, before Notary Enrique Rincón Plumey, Luisa Pellicier conveyed to Apolinaria Torres the ownership of a house belonging to the former situated at No. 135 Sol Street of this city and

recorded in the registry of property. She also assigned to the said Apolinaria Torres a mortgage credit of $1,500 on an urban property situated at No. 2 Arsenal Street in Marina ward of this city, payable by Buenaventura Fuster within two years with interest at eight per cent per annum, according to a deed of January 14 last, which had not been recorded in the registry of property. In consideration of the foregoing transfers, Apolinaria Torres bound herself to pay to Luisa Pellicier during the life of the latter the sum of $25 monthly, beginning February 1, 1914, it being well understood that the conveyance of the ownership of the house situated on Sol·Street was made subject to the payment of the aforesaid annuity, as was to be set forth in the registry of property.

The said deed having been presented in the Registry of Property of San Juan, Section 1, for record, the registrar admitted the same to record as to the property conveyed, but denied its admission as to the assignment of the mortgage credit on the grounds that it did not appear recorded in the name of the assignor and that there was no consideration for the assignment inasmuch as only the said property conveyed was charged with the annuity, all of which was set forth in the registrar's decision of February 27, 1914, which is submitted to our consideration in an appeal taken by Apolinaria Torres from that part thereof which denied admission to record of the assignment of the mortgage credit for lack of consideration.

This is a contract for a life annuity entered into between Luisa Pellicier and Apolinaria Torres.

Section 1704 of our Civil Code gives the following definition of such a contract:

"Section 1704.—An aleatory contract of annuity binds the debtor to pay a pension or annual income to one or more specified persons for life, for a principal (capital) in personal or real property, the ownership of which is at once transferred to said debtor charged with the income."

In consideration of the transfer of personal or real property to a person the grantee binds himself to pay an annuity or annual rent to one or more persons for life and it is not necessary that the transfer of ownership create a lien on the property granted, because the transfer of ownership imposes upon the grantee only a personal obligation to pay the annuity or rent. So far is this true that section 1707 of the same code provides that default in the payment of annuities due only gives the receiver of the annuity the right to demand judicially the payment of the annuities in arrears and security for those to become due in the future. If he is allowed to demand security for future rents, they are not secured by the contract.

In this regard the distinguished commentator Manresa says that the contracting parties may covenant at the beginning that the same property conveyed in ownership shall secure the payment of the annuity in the form of a mortgage, antichresis, or pledge, although ordinarily the annuity does not carry with it such a guaranty.

It cannot be sustained, then, that there is no consideration for the assignment of the mortgage credit, as is claimed by the registrar, for the reason that the house property alone is charged with the annuity. There exists a consideration for the assignment of the mortgage credit, for on account of the assignment of said credit and the conveyance of the house together Apolinaria Torres bound herself to pay an annuity to Luisa Pellicier, and although the latter could have left the payment of the annuity unsecured, she desired to secure its payment in conveying, as she did, the ownership of the house subject to the payment of the annuity without encumbering the mortgage credit assigned.

And it cannot be inferred therefrom that the assignment of the mortgage credit constitutes a gift pure and simple, because, as we have stated previously, the consideration for the annuity is derived jointly from the conveyance of the

ownership of the house and the assignment of the mortgage credit.

For the foregoing reasons the decision of the registrar should be reversed in so far as it denies admission to record of the mortgage credit because of lack of consideration, and sustained on the ground that the said credit was not recorded in the name of the assignor.

> *Reversed as to defect of lack of consideration.*

Justices Wolf, del Toro and Aldrey concurred.